Li v. Barr

BIA
A095 361 554

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of December, two thousand twenty.

PRESENT:
      DEBRA ANN LIVINGSTON,
          *Chief Judge,*
      PIERRE N. LEVAL,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

XIAO BIAO LI,
      *Petitioner,*

      v.                      18-3129
                                     NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

**FOR PETITIONER:**      Anthony Guidice, Fairport, NY.

**FOR RESPONDENT:**      Jeffrey Bossert Clark, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Timothy Bo Stanton, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Xiao Biao Li, a native and citizen of the People's Republic of China, seeks review of a September 26, 2018 decision of the BIA denying his motion to reopen his removal proceedings. *In re Xiao Biao Li,* No. A095 361 554 (B.I.A. Sept. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Li moved to reopen his removal proceedings to reapply for asylum, asserting that China's treatment of gay men had worsened, the Chinese government would target him because it had learned that he is gay, and changes in attitudes towards gay people in the United States made it more likely that he would now be granted asylum.

It is undisputed that Li's motion was untimely because

2

he filed it 14 years after the BIA's 2004 decision affirming his removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Even if a movant shows that changed conditions exist, the agency may deny the motion if the new evidence does not demonstrate the applicant's prima facie eligibility for asylum. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (concluding that the prima facie standard requires an applicant to show a "'realistic chance' that he will be able to establish eligibility" for asylum). Substantial evidence supports the BIA's determination that Li did not establish a material change in country conditions or demonstrate his prima facie eligibility for asylum.

Li submitted three exhibits to establish changed conditions in China. The BIA reasonably concluded that these

3

exhibits evidenced improved conditions since Li's removal hearing, not a material worsening of conditions as required to excuse the untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Li's argument that changed attitudes towards homosexuality in the United States warrant reopening is unavailing because he was required to show a change in conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing that there is no time limit to move for reopening to apply for asylum "based on changed country conditions *arising in the country of nationality or the country to which removal has been ordered*" (emphasis added)); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 314 (2d Cir. 2007) (concluding that "a change in United States asylum law does not qualify as a 'change in circumstances' sufficient to reopen an asylum case"). Li also argues that reopening is warranted based on changed personal circumstances, i.e., his

4

"permanent limbo" and deprivation of liberty as a result of being under an order of supervision for 15 years because China refuses to issue him a passport to effectuate his removal. But Li did not submit any evidence that China refused to issue him a passport, and his order of supervision states only that the Government is unable to remove him "at this time." Certified Administrative Record ("CAR") at 41. In any event, a change in "personal circumstances in the United States" generally does not excuse the filing deadline for motions to reopen. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005) (emphasis omitted). While Li contends that a motion to reopen is the only available mechanism to challenge his order of supervision, he may be able to challenge that order by filing a habeas corpus petition under 28 U.S.C. § 2241. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (concluding that noncitizens may challenge immigration detention under § 2241); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that a petitioner remains in custody for habeas purposes while on parole because "it imposes conditions which significantly confine and restrain his freedom").

The BIA also reasonably concluded that Li did not

5

establish his prima facie eligibility for asylum.  The basis for his claim was that China will target him because it now knows that he is gay.  But Li did not offer any evidence to support that assertion.  *See Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *id.* at 168 (explaining that movant carries a "heavy burden" on reopening).  Li's reliance on *Indradjaja v. Holder* to argue that he was not required to submit an affidavit to support his claim is misplaced because Indradjaja had other evidence to support her claim.  737 F.3d 212, 219 (2d Cir. 2013).  And contrary to Li's contention that China's knowledge of his homosexuality is irrelevant because his sexuality is an immutable characteristic, such knowledge is central to his claim that China will target him for persecution as a gay man.  Finally, to the extent that Li contends the BIA erred in finding that sexual orientation is not a particular social group, the BIA never made such a finding; to the contrary, it specifically assumed Li's "membership in a [particular social group] consisting of homosexuals."  CAR at 4.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court